
**FILED**
**AUGUST 8, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PHIL EDWIN GARNER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0258 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner PHIL EDWIN GARNER has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his July 14, 2004 parole revocation and respondent's calculation of petitioner's time credits. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

### I.
### PROCEDURAL HISTORY

On April 28, 1986, in Cause No. 7106-A, petitioner was indicted in the 88th Judicial District Court of Tyler County, Texas, for the offense of aggravated sexual assault, a first degree felony. On July 11, 1986, petitioner, pursuant to a plea agreement, pled guilty to the offense of sexual assault, a second degree felony, said offense being reduced pursuant to the plea agreement. The

trial court found petitioner guilty of the offense of sexual assault and assessed petitioner's punishment at confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) for twenty (20) years. The trial court credited petitioner with jail time from April 25, 1986 through July 11, 1986, resulting in a sentence begin date of April 25, 1986.

On March 23, 1990, petitioner was granted early release to parole with supervision of parole to be administered by the State of Arkansas.[1] On December 4, 2003, petitioner was arrested in Arkansas for "possession of firearms by certain persons."[2] The Texas Board of Pardons and Paroles issued a pre-revocation warrant for petitioner's arrest on January 8, 2004 alleging he had violated the terms of his Texas parole. On February 13, 2004, a probable cause hearing was held during which petitioner's parole officer testified.[3] The hearing judge determined probable cause did exist to show a violation of petitioner's Texas parole. On May 25, 2004, petitioner pled guilty to violating the terms of his 5-year probation previously assessed in Arkansas on July 31, 2001 by being in possession of a firearm December 4, 2003, while on probation. Petitioner was found guilty

---

[1] On April 4, 2001, petitioner was arrested in Arkansas and charged with "possession of firearms by certain persons." On July 31, 2001, petitioner plead guilty to the offense and was placed on probation by the Arkansas circuit court for a term of five (5) years. The State of Texas allowed petitioner to continue his parole with no further action taken. Exhibit A, p. 20-21.

[2] Petitioner's Arkansas parole officer described the offense as follows:

On or about 12/02/03, I received a phone call from David Wilburn who stated he and Garner had been having problems and that he [Wilburn] had been arrested by the Garland County Sheriff's Office. Wilburn state that the charges were dismissed because Garner had submitted a false police report. Wilburn further stated that Garner was arrested and charged with submitting a false report against Wilburn. Wilburn stated he received a phone call from one of his neighbors who told him that Garner was going to shoot him. On 12/04/03 I made a home visit to Garner's listed address and found two long guns in the master bedroom closet. Garner was arrested and charged with possession of firearms by certain persons, a class D felony.

Petitioner's parole officer noted as petitioner's statement: "Garner stated the guns were not his but belong to his brother."

Affidavit A, p. 20, 23. The firearms at issue were a .22 caliber rifle and a Bobcat .50 caliber muzzle loader. Affidavit A, p. 21.

[3] Petitioner testified at the preliminary hearing that he did not know the guns were in his residence, that his mother brought the weapons into the house while he and his family were at the lake, that his mother did not tell him about the guns, that he had told his parole office he thought his brother had brought the guns to the house, and that he denied threatening to shoot his neighbor. Petitioner's mother also testified she placed the guns into the closet, albeit a different closet, and forgot to tell her son.

of violating his probation, his probation was terminated, and he was assessed a 6-year sentence for the 2001 offense, said sentence also being suspended. Affidavit A, pp. 35-41. On May 26, 2004, pursuant to a negotiated plea of guilty, petitioner was found guilty of the December 4, 2003 "possession of firearms by certain persons" offense and was assessed a 6-year sentence, said sentence also being suspended. Affidavit A, pp. 42-43. On June 17, 2004, petitioner was informed of his rights in the Texas revocation process, and that he was charged with violating his parole by violating a state law and for possessing a firearm (conditions 2 and 5).

On June 28, 2004, the Board of Pardons and Paroles conducted a parole revocation hearing on the allegations that petitioner had failed to comply with the terms of his parole by committing a new criminal offense, to wit: possession of firearms by certain persons, and by violating the parole condition prohibiting possession of a firearm. At the hearing, petitioner denied both allegations. On July 14, 2004, the Parole Board found petitioner had violated the terms of his release and revoked petitioner's parole.

On August 9, 2004, petitioner requested a correction of time credited toward the completion of his sentence pursuant to respondent's internal time credit dispute resolution process. On March 21, 2005, petitioner's request was denied. On March 28, 2005, petitioner sought review of his parole revocation by filing a state application for habeas corpus relief. By his habeas application, petitioner asserted the revocation of petitioner's parole was unconstitutional because:

1. The possession of a firearm offense of which he was found guilty was a violation of his Constitutional right to bear arms in his habitation;

2. The evidence was insufficient to show petitioner possessed a firearm; and

3. Petitioner was denied his right to confront witnesses against him, to wit: petitioner's parole officer, which confrontation would have revealed petitioner did not possess a firearm.

On May 25, 2005, the Texas Court of Criminal Appeals denied such petition without written order. *In re Garner*, No. 62,035-01.

On July 6, 2005, petitioner sought reinstatement of 14 years street time by filing a state application for habeas corpus relief. By this habeas application, petitioner asserted he was unconstitutionally being denied time credits toward his sentence because:

1. The Texas Legislature constitutionally repealed article 42.12 of the Texas Code of Criminal Procedure and the "3g, 1/3 law in 1977" and "42.18 1/4 law in 1987";

2. Failing to give petitioner credit for his street time constituted a violation of the prohibition against double jeopardy;

3. Petitioner was being forced to serve his sentence in installments; and

4. Petitioner was entitled to credit for his street time under Texas Government Code § 508.149 and 508.283.

On August 31, 2005, the Texas Court of Criminal Appeals denied such petition without written order. *In re Garner*, No. 62,035-02.

On September 13, 2005, petitioner filed the instant application for federal habeas relief with this Court, said petition being received and filemarked September 16, 2005.[4] On April 21, 2006, respondent filed an answer opposing federal habeas corpus relief.

II.
PETITIONER'S ALLEGATIONS

Petitioner appears to contend he is being held in violation of the Constitution and laws of the

---

[4]*See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court).

United States for the following reasons:

1. The Texas Board of Pardons and Paroles lied to petitioner by originally giving him a discharge date of April 25, 2006, and has unlawfully extended petitioner's 20-year sentence by 16 years;

2. Petitioner was not given a new trial before his sentence was extended by 16 years;

3. Petitioner was originally sentenced in 1986 when good time forfeited upon revocation was reinstated after petitioner had served 90 days in TDCJ-CID and new laws disallowing reinstatement of good time have been applied to him retroactively;

4. Petitioner was denied his right to call and confront witnesses at his revocation hearing, namely his parole officer from Arkansas;

5. The denial of petitioner's street time credits constitutes double jeopardy;

6. Petitioner was denied effective assistance of counsel at his revocation hearing because counsel did not call witnesses and cross-examine witnesses at the hearing, namely his parole officer in Arkansas;

7. The manner in which petitioner's sentence has been executed constitutes cruel and unusual punishment; and

8. Petitioner was entitled to street time under Texas Government Code § 508.149 and .283.

III.
EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to

> protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.* (brackets, internal quotation marks, and citations omitted). To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct.

509, 512, 30 L.Ed.2d 438 (1971). Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review.

The only claims raised in the instant federal habeas application that were raised during the state habeas application are petitioner's allegations that (1) he was denied the right to confront and cross-examine his parole officer at the revocation hearing, (2) that the denial of petitioner's street time credits constitutes double jeopardy, and (3) that petitioner is entitled to his street time under the Texas Government Code. The other claims raised in this federal habeas application are either new claims never heard by the state's highest court, or are claims premised on a factual basis that is different than that presented in the state habeas proceeding. Consequently, with the exception of the three (3) claims identified above, the state courts were not given an opportunity to properly investigate, address, and determine the merits of petitioner's alleged deprivations of federal constitutional rights in his state court proceedings. Therefore, petitioner has not sufficiently exhausted his available state court remedies with regard to any of his claims other than the claims

set forth above.

Further, petitioner would be precluded, by the Texas abuse of the writ doctrine, *see* Tex. Code Crim. Proc. Ann. art. 11.07 § 4 , from raising his unexhausted allegations in a future state habeas application. *See* Tex. Code Crim. Proc. Art. 11.07 § 4. If a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred'," then the claim is procedurally defaulted.[5] *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). In other words, when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts ... [,] there is no substantial difference between nonexhaustion and procedural default." *Id.* (quoting *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir.1998)). Here, because petitioner failed to exhaust any of his claims other than those specifically listed above, said claims, with the noted exceptions, are procedurally defaulted.

There is, however, a "cause and prejudice" exception to the bar for failure to exhaust. "When the ground upon which the petitioner relies for habeas relief was not exhausted in state court and state procedural rules would bar subsequent presentation of the argument," this Court will not consider petitioner's unexhausted claim absent 'cause' and 'prejudice.'" *Beazley v. Johnson*, 2001

---

[5] The abuse of the writ rule can be an adequate and independent state ground foreclosing federal habeas review. *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Such a procedural rule that acts as a bar, however, must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423, 111 S.Ct. 850, 112 L.Ed.2d 935 (1991). The Fifth Circuit Court of Appeals has determined that the Texas abuse of the writ doctrine has been strictly and regularly applied since 1994. *Fuller v. Johnson*, 158 F.3d 903, 905 (5th Cir. 1998); *Emery v. Johnson,* 139 F.3d 191, 195, 201 (5th Cir. 1997), *cert. denied*, 525 U.S. 969, 119 S.Ct. 418, 142 L.Ed.2d 339 (1998).

WL 118393, *15 (5th Cir. 2001) (quoting *Little v. Johnson*, 162 F.3d 855, 859 (5th Cir. 1998), *cert. denied*, 526 U.S. 1118, 119 S.Ct. 1768, 143 L.Ed.2d 798 (1999)). Federal habeas relief will not be granted on a procedurally defaulted claim <u>unless</u> the petitioner can demonstrate *both* good cause for the default *and* actual prejudice as a result of the alleged violation of federal law, *or* demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Id.* (citing *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir.), *cert. denied*, 525 U.S. 952, 119 S.Ct. 383, 142 L.Ed.2d 316 (1998) (pre-AEDPA); *Nobles,* 127 F.3d at 423 n. 33 (post-AEDPA); *Williams v. Cain,* 125 F.3d 269, 276 (5th Cir.1997), *cert. denied*, 525 U.S. 859, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998) (post-AEDPA); *cf. United States v. Flores*, 135 F.3d 1000, 1006 n. 23 (5th Cir.1998), *cert. denied*, 525 U.S. 1091, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999) (post-AEDPA, section 2255)).

Petitioner has not argued, much less demonstrated, just cause for his failure to raise the unexhausted claims in his state court proceedings. The undersigned finds no factors constituting just cause for petitioner's failure to raise his allegations before the state's highest court. The claims, as well as the factual support for his claims, were readily apparent at the time petitioner's state habeas applications were filed and petitioner could have included such in his state actions. Because petitioner has failed to show sufficient cause for his state procedural default, a "prejudice" analysis is not necessary. Further, the failure to consider the claims will not result in a fundamental miscarriage of justice. Consequently, petitioner's claims, with the exceptions noted above, have been procedurally defaulted as a result of petitioner's failure to exhaust at the state court level, are not cognizable in federal habeas proceedings, and should be dismissed. Accordingly, the only claims which will proceed for further consideration are petitioner's claims that:

1. he was denied the right to confront and cross-examine his parole officer at the revocation hearing;

2.  the denial of petitioner's street time credits constitutes double jeopardy; and

3.  petitioner is entitled to credit for his street time under the Texas Government Code.

## IV.
## TIME BAR

### Claim Challenging Parole Revocation

In cases challenging state parole revocations, the one-year limitation period of the AEDPA begins to run on the "date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." If revoked, a parolee is afforded the right to request the Board reopen the revocation hearing within 45 days from the date of the Board's decision. 37 Tex. Admin. Code § 145.54 (West 2004). The record does not reflect petitioner filed a motion to reopen his revocation hearing.[6] Consequently, the one-year period of limitation as to petitioner's claims began on the date petitioner's parole was revoked, *i.e.*, July 14, 2004, requiring his federal habeas petition be filed on or before July 14, 2005. *Cf. Bailey v. Johnson*, 2001 WL 282756 (N.D. Tex. March 15, 2001) (respondent considered the date the petitioner learned of the denial of his motion to reopen as the latest possible date on which the factual predicate of his claims could have been discovered through the exercise of due diligence).

On March 28, 2005, petitioner filed a state habeas application challenging his parole revocation and raising, as relevant here, the denial of his right to confront witnesses. On May 25, 2005, the Texas Court of Criminal Appeals denied petitioner's state habeas application without

---

[6]This Court thus need not decide whether equitable tolling is appropriate for the time a petitioner is exhausting his administrative remedies in the parole context, or whether the pursuit of such administrative remedies can be deemed "other collateral review" warranting tolling pursuant to § 2244(d)(2), or even whether respondent could assert, on federal habeas review, that a petitioner has not exhausted his state administrative remedies if he has not filed a motion to reopen and is now procedurally barred from so filing.

written order. Therefore, the statute of limitations was tolled for the fifty-four (54) days his state habeas application was pending, rendering petitioner's federal habeas application due on or before September 6, 2005. On September 13, 2005, petitioner filed the instant federal habeas application with this Court, one week late. This short period resulting in the untimeliness of petitioner's federal habeas is not a matter which may be disregarded by this Court. Further, petitioner has not demonstrated he is entitled to any equitable tolling with regard to his claim that he was denied the right to confront and cross-examine witnesses. Therefore, petitioner's first claim should be dismissed as time barred.[7]

Claims Seeking Street Time

Petitioner's remaining claims seek reinstatement of street time on the bases that (1) the denial of petitioner's street time credits constitutes double jeopardy; and (2) petitioner is entitled to credit for his street time under Texas Government Code § 508.283. The record does not reflect when petitioner discovered the factual predicate of these claims or when petitioner could have discovered his claims through the exercise of due diligence. However, at some point between the revocation of his parole on July 14, 2004 and the filing of his time credit dispute on August 9, 2004, petitioner discovered his sentence was not being credited with his street time (most likely when he received his first time slip from TDCJ-CID). The undersigned will use August 9, 2004 as the date on which petitioner discovered his claim and the statute of limitations began.

On August 9, 2004, petitioner filed his claim for time-served credit under TDCJ-CID's time credit dispute resolution process. *See* Tex.Govt Code Ann. § 501.0081. Such dispute was denied

---

[7] Even if this Court were to consider the merits of petitioner's claim that he was denied his right to confront witnesses rather than finding such claim time barred, petitioner could not prevail as petitioner admitted in his probation revocation proceeding that he illegally possessed the firearms.

on March 21, 2005. Respondent argues this 7-month period of time during which the time credit dispute resolution process was pending should not statutorily or equitably toll the statute of limitations for filing petitioner's federal habeas application. While the federal habeas statute does not specifically provide for any tolling of the limitations period while Texas administrative dispute resolution proceedings specific to time complaints are pending, the Texas Court of Criminal Appeals will dismiss time credit claims raised in a state petition for habeas relief for failing to exhaust the time credit dispute administrative remedies. As of January 1, 2000, inmates are required to "first pursue claims of denial of time credits through a dispute-resolution process within the prison system before seeking relief pursuant to TEX. CODE CRIM. PROC. § 11.07." *Sorrells v. Cockrell*, No. 4:01-CV-0324-A, 2001 WL 1148962, at *3 (N.D. Tex. Sept. 17, 2001). Therefore, the undersigned is of the opinion that this 7-month time period should be either statutorily tolled under section 2244(d)(2) similar to disciplinary grievance processes[8] or, at the least, be subject to equitable tolling. Consequently, the limitation period which began on August 9, 2004 would be statutorily or equitably tolled from August 9, 2004 until March 21, 2005.

Petitioner filed his second state writ application challenging the denial of his street time credits on July 6, 2005, three and one-half months later. This state writ application was denied without written order August 31, 2005. Consequently, the limitations period was statutorily tolled for the fifty-two (52) days this application was pending. Petitioner filed the instant federal habeas application on September 13, 2005, only thirteen (13) days later, well within the 1-year limitations period if the time during which the time credit dispute resolution process is pending is tolled. Petitioner's claims challenging TDCJ-CID's refusal to credit his sentence with street time should

---

[8] *See, e.g., Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002).

be considered on the merits.

## IV.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d

469, 472 (Tex.Crim.App. 1997).

## V.
## STREET TIME

The Texas Court of Criminal Appeals denied petitioner's claims without written order, an adjudication on the merits. Consequently, this Court cannot grant habeas corpus relief unless the state court's determination conflicts with clearly established federal law as determined by the Supreme Court or the state court's decision was based on an unreasonable determination of the facts in light of the evidence. Petitioner has not, in any way, attempted to show or shown the state court's decision was based on an unreasonable determination of the facts in light of the evidence.

A state prisoner does not have a federal constitutional right to obtain release from confinement prior to the expiration of his sentence. *See Board of Pardons v. Allen,* 482 U.S. 369, 378 n. 10, 107 S.Ct. 2415, 2421 n. 10, 96 L.Ed.2d 303 (1987); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 736 (1996). If granted early release, a Texas parole violator has no constitutional right, as a matter of federal due process, to credit on his sentence for time spent on parole. *See Hallmark v. Johnson,* 118 F.3d 1073, 1079-80 (5 Cir.1997); *Newby v. Johnson,* 81 F.3d 567, 569 (5 Cir.1996); *Hamill v. Wright*, 870 F.2d 1032, 1036-37 (5 Cir.1989); *Starnes v. Cornett,* 464 F.2d 524, 524 (5 Cir.1972). Consequently, petitioner has no state or corresponding federal constitutional right to street time credit. *See Thompson v. Cockrell,* 263 F.3d 423, 426 (5 Cir.2001); *Morrison v. Johnson,* 106 F.3d 127, 129 (5 Cir.1997) (a prisoner serving the remaining portion of his sentence after revocation does not violate the Constitution). Under Texas statutory law, however, certain offenders who have their parole or mandatory supervision revoked on or after September 1, 2001, may be entitled to credit for the portion of time

they spent on parole or mandatory supervision.[9] *See Ex parte Spann*, 132 S.W.3d 390, 392 (Tex.Crim.App. 2004).

Section 508.283 applies to petitioner's case given that his parole revocation occurred after September 1, 2001, however, petitioner does not qualify for relief under section 508.283(c). The starting point is the version of Section 508.283(c) in effect when the inmate's parole or mandatory supervision is revoked. *Ex parte Noyola*, 215 S.W.3d 862, 867 (Tex.Crim.App. 2007); *see also Ex parte Foster*, 2007 WL 1347832 (Tex.Crim.App. May 9, 2007). By incorporating section 508.149(a) by reference, section 508.283(c) invokes the version of section 508.149(a) in effect when the inmate's parole or mandatory supervision is revoked. Here, under the version of section 508.149(a) that was in effect when petitioner's parole was revoked on July 14, 2004, petitioner, due to his conviction for sexual assault, was serving a sentence for an offense listed in section 508.149(a)(6) when his parole was revoked. Petitioner, therefore, did not meet the first requirement entitling him to time credit under Section 508.283(c) because he was a person

---

[9]Texas law in effect when petitioner was released to mandatory supervision in 1990 provided:

> When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.

Tex. Crim. Proc. art. 42.18, § 14(a) (1990).

> Section 508.283, effective September 1, 2001, provides, in relevant part:

> (c) If the parole, mandatory supervision or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is <u>greater than</u> the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served <u>without credit</u> for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant of summons is subject to a sentence the remaining portion of which is <u>less than</u> the amount of time from the date of the persons release to the date of issuance of the warrant or summons, the remaining portion is to be served <u>without credit</u> for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

> Tex. Gov't Code Ann § 508.283(c) (emphasis added).

described by Section 508.149(a) when his release was revoked. As a result, petitioner was not entitled to street-time credit for the period of time he spent on parole from September 1, 2001 to July 14, 2004. Nor is petitioner entitled to street-time credit from the date of petitioner's conditional release, March 27, 1990, through August 31, 2001, the date prior to the effective date of the statute allowing for conditional credit for street time, as the new version of the statute was not applied retroactively. *See Ex parte Spann,* 132 S.W.3d 390, 394 n.7 (Tex.Crim.App. 2004); *Ex parte Keller*, 173 S.W.3d 492, 495 n. 8 (Tex.Crim.App. 2005).

The Texas Court of Criminal Appeals, on state habeas review, made the legal conclusion by its denial without written order that petitioner is not entitled to time credit for the time he was released on parole or mandatory supervision. With regard to legal issues adjudicated on the merits in state court proceedings, federal habeas corpus relief should not be granted unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "The state court's application of the law must be 'unreasonable' in addition to being merely 'incorrect.'" *Caldwell v. Johnson*, 226 F.3d 367, 372 (5th Cir. 2000). Petitioner has failed to show the state trial court's decision was unreasonable and is not entitled to federal habeas relief. Petitioner's claim should be DENIED.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner PHIL EDWIN GARNER be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>8th</u> day of August 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).